# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD ERIC ESTES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00400 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | |
| JAIL AUTHORITIES-DUFFIELD | ) | By: Norman K. Moon |
| VIRGINIA, *et al.*, | ) | Senior United States District Judge |
|     Defendants. | ) | |

Plaintiff Donald Eric Estes, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against "Southwest Virginia Regional Jail Authorities-Duffield Virginia" and Crystal Large, a Nurse Practitioner. In his complaint, he asserts that, on two occasions in April 2019 and May 2019, he went to a medical appointment with Large. Both times, even though Estes was handcuffed, Large permitted a correctional officer to remain present in the room during the medical examination, rather than asking the officer to step outside the examination room. Estes claims that this was a violation of his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") because it allowed the officer to "hear [Estes'] personal private medical information to spread around to anyone."[1] (Dkt. No. 1 at 2.) He seeks damages in the amount of $100,000 and injunctive relief. Because I conclude that Estes' allegations do not rise to the level of a federal violation, I will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Title 28 U.S.C. § 1915(e)(2) requires the court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if, for example, it is frivolous or fails to state a claim on

---

[1] Estes does not allege that his information was actually conveyed by that officer to anyone, nor does he specify what medical information was conveyed. (Dkt. No. 1 at 2.)

which relief may be granted. Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Estes' complaint utilizes a form for filing cases under 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Estes' claim is simply that federal medical privacy laws were violated, but he fails to state a claim upon which relief can be granted.

First of all, the federal law on which Estes relies, HIPAA, does not provide a private right of action, as numerous courts have recognized. *E.g.*, *Neal v. United States,* No. CV ELH-19-1033, 2019 WL 6341622, at *14 (D. Md. Nov. 27, 2019) ("There is no private right of action under HIPAA."); *Atkinson-Bush v. Balt. Wash. Med. Ctr., Inc.*, No. L-10-2350, 2011 WL 2216669, at *3 (D. Md. May 25, 2011), *aff'd*, 585 F. App'x 161 (4th Cir. 2014); *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019) (holding that "HIPAA confers no private right of action" and noting that "all other circuits to have considered the question have concluded that HIPAA does not confer individual enforcement rights—express or implied"); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006).

Second, to the extent Estes relies on a theory that some *constitutional* right to privacy in his medical information was violated, his claim nonetheless fails. Federal courts of appeals

2

differ on whether an inmate has a constitutional right to privacy in his medical information, and under what circumstances. *Compare Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (rejecting inmate's claim that his "constitutional right to privacy" was violated by the disclosure of his HIV infection and reiterating a prior holding that "the Constitution does not encompass a general right to nondisclosure of private information") (citation omitted) *with A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) (concluding that arrestee had constitutionally protected privacy interest in his "confidential medical information" such that a police officer who revealed the plaintiff's purported HIV-positive status to others was not entitled to summary judgment) *and Doe v. Delie*, 257 F.3d 309, 323 (3d Cir. 2001) (holding that the Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests). But "the Fourth Circuit has . . . declined invitations to declare a constitutional right to privacy in one's personal medical information." *Sherman v. Jones*, 258 F. Supp. 2d 440, 442 (E.D. Va. 2003) (collecting authority).

As a result, district courts within the Fourth Circuit have held that alleged violations of federal laws concerning confidentiality of medical records are not actionable under Section 1983, including in the prisoner context. *E.g.*, *DM v. Louisa Cty. Dep't of Human Servs.*, 194 F. Supp. 3d 504, 509 (W.D. Va. 2016); *Switzer v. Thomas*, No. 5:12CV00056, 2013 WL 693090, at *3 (W.D. Va. Feb. 25, 2013), *report and recommendation adopted*, No. 5:12CV00056, 2013 WL 1145864 (W.D. Va. Mar. 19, 2013), *aff'd*, 535 F. App'x 312 (4th Cir. 2013) ("Since HIPAA creates no private cause of action and since there is no fundamental right of privacy in personal medical information, no cognizable cause of action has been stated against [the defendant]."). *See also Williams v. Jones*, No. 9:07–CV–3437–MBS–GCK, 2008 WL 948285, at *5 (D.S.C. Apr. 4, 2008) ("The undersigned cannot discern a right under HIPAA that the plaintiff could

enforce pursuant to § 1983.")._2_ In light of that, and because Estes has failed to identify any federal law or constitutional right that he can vindicate through § 1983, his claim fails.

II.

For the foregoing reasons, I conclude that Estes fails to state a claim upon which relief can be granted and I will dismiss his complaint without prejudice. Dismissal without prejudice leaves Estes free to refile his claims in a new and separate civil rights action, if he can somehow overcome the deficiencies noted in this opinion. Additionally, in light of that dismissal, Estes' motion for preliminary injunction will be denied as moot.[3]

An appropriate order will be entered.

**ENTER**: This 31st day of January, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Several district courts within the Fourth Circuit have noted that there may be legitimate public policy reasons to provide legal protection to prisoners' medical information, and that decisions as to the scope of that protection are "more sensibly determined by elected legislators via state or federal statute" as opposed to courts' finding an implied constitutional right to privacy in that information. *Sherman*, 258 F. Supp. 2d at 444–45; *Rollins v. Miller*, No. 1:12-CV-298-RJC, 2012 WL 4974966, at *2 (W.D.N.C. Oct. 17, 2012) (quoting *Sherman*).

[3] I decline to construe Estes' motion for preliminary injunction, which concerns entirely different claims challenging the adequacy of medical treatment he received on different dates, as a request to amend his complaint. Estes may file a separate complaint raising the allegations set forth in that filing, after exhausting his administrative remedies and subject to any applicable statute of limitations.